Submit order on notice, requiring the trustee to apply $5,000 a year for the maintenance of each of the infants out of the income of the trust created for their benefit, and denying the application of the guardian for reimbursement for past maintenance.

(79 Misc. Rep. 590.)

## In re DELGADO.

(Surrogate's Court, Kings County.   February, 1913.)

COURTS (§ 200¼*)—SURROGATE—SETTLEMENT OF ACCOUNTS—JURISDICTION—TRUSTS.

While Code Civ. Proc. § 2472a, giving the surrogate jurisdiction "to effect the accounting party with a constructive trust," contemplates only a trust by which the party is personally bound, yet where a will became effective because of the promise of the executrix and sole legatee to the testatrix that she would turn over to her sister a portion of the estate, and she received not only her legacy, but also her appointment as executrix upon the faith of her promise, she was bound, upon an accounting, by the constructive trust thus created, and the surrogate had jurisdiction to effectuate such trust.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 476, 477; Dec. Dig. § 200¼.*]

Proceeding upon the judicial settlement of the account of Marie Delgado, as executrix of the will of Margaret Gillespie, deceased. Decree authorizing trial.

William W. Butcher, of Brooklyn, for executrix.

Thomas Kelby, of Brooklyn, for Mary E. Gillespie.

KETCHAM, S.   The accountant is the executrix and sole legatee. A sister of the testatrix, objecting to the account, alleges that the executrix-legatee agreed with the decedent that:

"If said decedent gave her all her property by said will she (the said petitioner) would turn over to the sister such portion thereof as was then designated as what was right, and because of said promise, said will became effective."

In this quotation from the answer, verbal inaccuracies which are obvious are disregarded.

Upon this allegation, the court is asked to ascertain the amount which will fulfill the accountant's agreement, in order that a trust be impressed for such amount and that it be paid to the objectant.

Upon the motion of the executrix to dismiss the answer, the question is presented, Has the enactment of section 2472a of the Code of Civil Procedure conferred jurisdiction in the premises?   By the section cited the surrogate has jurisdiction "to effect the accounting party with a constructive trust, and to exercise all other power, legal or equitable, necessary to the complete disposition of the matter."

Assuming the truth of the sister's allegation, the accountant took all her rights in the decedent's estate under an express promise, and therefore a trust, to turn over to the sister a portion of the estate. This trust was always enforceable in some court against the account-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

.ant, at least in her capacity as legatee. But, under a fair reading, the section cited contemplates only a trust by which the accounting party ·is personally bound. No jurisdiction has been given to effect the .accountant with a constructive trust to which she is a stranger.

Is she, the accountant, obviously affected not only in her character as legatee, but also as executrix? Where the will by which she was ·made both legatee and executrix became effective because of her promise that she would deliver a portion of the estate to another, did not her promise involve her duty and conduct in both relations?

Suppose that another had been the executor and that such executor participated in the agreement in consideration of which the will was made. Could it then be doubted that the executor, if he should accept office, would be an accountant to be affected by a constructive trust? Is it any less doubtful that, when the person bound by the obligation also becomes the executor, he must carry into office all the responsibility with regard to the disposition which in his agreement with the decedent he has promised to assume?

Is it not a fair interpretation of the transaction between the accountant and the testatrix that the former agreed that in every relation which she might thereafter maintain under the will she would pledge ¬her conscience to the fulfillment of her promise?

Assuming the truth of the answer, it would result that the executrix as such received her appointment under the will as well as her legacy upon the faith of her promise, and that she is now, upon her accounting, bound by the constructive trust which the promise raised.

The answer should not be dismissed as upon demurrer, but an inquiry as to the facts should be had. The trial may be brought on upon two days' notice.

Decreed accordingly.